# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MISTY WINTERS,

   Plaintiff,

v.

JOSHUA WINTERS, *et al*.

   Defendants.

Civil Action No.: GLR-19-3622

## MEMORANDUM

The above-captioned case was filed on December 23, 2019, by the self-represented plaintiff, Misty Winters. She has sued numerous defendants: Joshua Winters; Katherine Worley; Paul Daurgaard; Teresa Daurgaard; Benjamin Schenck; Robb Schenck; Chris Schenck; Bob Taylor; Sue Taylor; Lois Schenck; Sara Deslesuiers; Suzy Porter; Joanna Funke; Contra Costa County – The State of California; The State of Utah, the City of Moab; The State of Minnesota; Hennepin County Police Precinct 3; The Corner House; Maplewood Police Department; Child Protective Services of Hennepin County; and Sergeant William Palmer of the Minneapolis Police Department.

The suit is captioned as a Petition for Writ of Mandamus. ECF 1. Although the content is difficult to decipher, it appears to concern plaintiff's minor children, whom she alleges are being neglected and/or abused by her husband, Joshua Winters.[1] *Id.* For the reasons stated herein, the case must be transferred to the appropriate venue.

---

[1] Given the nature of the allegation, a redacted version of the suit has been docketed. ECF 1. The unredacted version is under seal. ECF 2. Exhibits were filed separately.

Ms. Winters, who apparently resides in Maryland, begins her pleading with a request to "The Honorable Judge of the District Court of the State of Minnesota." *Id.* at 1. She also describes the suit as "Notice of Motion of Writ of Mandamus to the Federal Court of the District of Minnesota for the United States," seeking a "Motion to Proceed with Divorce Proceedings. . . ." *Id.* at 3.

The pleading does not state clear, concise claims. Among other claims, plaintiff invokes various federal criminal statutes, although these statutes do not give rise to a private right of action. *See id.* at 3; *see, e.g.*, *Ras-Selah: 7 Tafari: El v. Glasser and Glasser PLC*, 434 F. App'x 236, 236 (4th Cir. 2011) (per curiam) (observing that "[a] private person may not initiate a criminal action in the federal courts."). This much is clear, however: none of the factual narrative has any relation to the State of Maryland, notwithstanding Ms. Winter's address. *See* ECF 1 at 14.

For example, Ms. Winters states that her husband, with whom she resided in California, improperly moved her children to Minnesota and has refused to let her see them for long periods of time. ECF 1 at 4-5. Additionally, she implies that the State of Minnesota may consider her a "fugitive of justice," although she disagrees with the characterization, and adds that California is her home state. *Id*. at 6. Ms. Winters also references time that she spent in jail in Moab County, Utah and names the State of Utah as well as the States of Minnesota and California as defendants. *Id*. at 9. It is therefore unclear why the pleading was filed in this court, as it appears that plaintiff is the only party with a connection to Maryland.

The venue statutes governing the federal courts provide guidance as to where a federal action may be initiated. Under 28 U.S.C. § 1391(b), a civil action that is not founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State, or a judicial district in which a substantial part of the events

2

or omissions giving rise to the claim occurred, except as otherwise provided by law. Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in -- (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Review of Ms. Winters' pleading makes clear that Maryland simply does not satisfy any of the venue requirements.

Ms. Winters' suit seems to couch this action as one concerning matters primarily occurring in Minnesota. *See, e.g.*, ECF 2-1 (referencing litigation in Hennepin and Ramsey counties). Therefore, I shall transfer this matter to the District of Minnesota. *See* 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought."). In so doing, this court expresses no view regarding the merits of the claims asserted by Ms. Winters.[2]

---

[2] Notably, this is not an international child custody case, governed by federal statute or a treaty. As difficult as this matter apparently is for Ms. Winters, it seems to spring from a conventional domestic dispute, packaged as a claim for constitutional violations. Domestic relations cases, including child custody matters, are not generally heard in federal court, because "State courts. . . have the experience to deal with this specific area of the law." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters") (citing *Cole v. Cole*, 63 F.2d 1083, 1087 (4th Cir. 1980)). Even when there is diversity of citizenship, "diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or determine child custody rights." *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *see Raferty v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (discussing domestic relations exception to federal courts' diversity jurisdiction).

The case shall be transferred to the United States District Court for the District of Minnesota for all further proceedings. An Order follows.


Date: December 23, 2019
                                                            /s/
                                                       Ellen L. Hollander
                                                       United States District Judge